IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## NOVEMBER TERM, 1791.

---

[105]                    JESSUP v. COOK.

When a writ of error is brought, the court to which it is directed will return the facts truly, and the superior court will determine whether it issued properly or not.

---

This cause had been referred. The referees reported in favor of Cook. Their reward was set aside, as the rule expressed, "because the referees refused further to hear the plaintiff, notwithstanding his request for that purpose, alleging he had other accounts to lay before them," with leave for the plaintiff to proceed as if no such award had been made.

Cook brought a writ of error to remove the judgment into the court of errors, upon this *vacatur* of the award, upon which—

*Stockton*, for Jessup, took a rule upon the plaintiff in error to show cause why it should not be returned upon the said

writ, "that there was no judgment in the said cause rendered in this court."

*Leake* showed cause. He insisted this was a judgment on which error would lie, and cited 3 *Blac., appen.* 3; a case also in this court, *Haines* v. *Wade, Sept.,* 1789 ; 1 *Brown's Parl. Cases* 411 ; *Newell* v. *Pidgeon,* 1 *Stra.* 235.

*Stockton* and *Howell* insisted that the writ was conditional, "*si judicium sit redditum.*" No judgment in the cause is rendered ; on the contrary, it stands at issue. Setting aside a report for misbehavior, is not a judgment in the cause, but a mere matter of proceeding ; they cited 1 *Vent.* 96.

PER CUR. We will return the facts truly, and the court above will then judge of these arguments.

CITED *in Coryell* v. *Coryell, Coxe* 385.